Filed 2/5/16  In re Frank M. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re FRANK M., a Person Coming Under the Juvenile Court Law. | |
| | D068469 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J237104) |
| v. | |
| FRANK M., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Browder A. Willis III, Judge.  Affirmed.

Ashley N. Johndro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Frank M.'s appointed appellate counsel has filed a brief asking this court to independently review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

During the afternoon of May 4, 2015, Frank M. and his father became involved in an argument that ended up with an altercation. Frank M.'s father pushed Frank M. and held him to the ground. When he let go, Frank M. grabbed a steak knife from the kitchen and swung it at his father. Frank M.'s father grabbed a car seat to protect himself, but Frank M. continued swinging the knife and cut his father's thumb with it. The father suffered a one-inch laceration on his thumb, which the father described as "more like a fingernail scratch."

This appeal arises out of a Welfare and Institutions Code section 602 juvenile delinquency proceeding in which the amended petition alleged in count 1 that Frank M. assaulted his father with a deadly weapon or instrument (Pen. Code, § 245, subd. (a)(1)), and also alleged that in committing that offense he personally used a deadly weapon (Pen. Code, § 1192.7, subd. (c)(23)) and personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a).) In count 2, the amended petition alleged that Frank M. committed a battery resulting in the infliction of serious bodily injury (Pen. Code, § 243, subdivision (d)), a misdemeanor under Penal Code section 17, subdivision (b)(4).

At the June 2015 readiness hearing, Frank M. admitted the misdemeanor battery offense charged in count 2 in exchange for the dismissal of the count 1 felony charge and

the related allegation with a *Harvey* waiver.[1] The court accepted the admission, finding that Frank M. gave it freely and voluntarily and that there was both a factual basis for the admission and substantial evidence that would support an argument that Frank M. acted in self-defense.

At the disposition hearing held on July 9, 2015, the court declared Frank M. a ward of the court, placed him on probation for one year, and placed him in his mother's home. The defense objected to certain terms proposed by the probation department, including three gang-related conditions on the ground there was no evidence that the minor is associated with a street gang. Frank M.'s father acknowledged his older son was actively "hanging out" with a gang (Vista Home Boys).

The court overruled the objections and imposed the following three pertinent probation conditions: (1) "The minor shall not wear any item of clothing such as a hat, bandanna, badge, logo, jewelry, or possess any gang paraphernalia including photos or graffiti, or use a hand sign or name that the minor knows or reasonably should know identifies the minor with VISTA HOME BOYS gang, or any other known gang"; (2) "The minor shall not knowingly associate with or be in the company of any person the minor knows or reasonably should know is a member of VISTA HOME BOYS, or any other known criminal street gang or any person the probation officer informs the minor is affiliated with, or a member of, a criminal street gang. The minor shall not knowingly

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754. A *Harvey* waiver permits a sentencing court to consider counts that were dismissed under a plea bargain and were transactionally related to the admitted offense. (*Id*. at pp. 758-759; see also 3 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Punishment, § 658, pp. 1058-1059.)

visit or remain in any specific location which the minors knows to be or, or which the probation officer has informed the minor is, an area of criminal street gang activity.  The minor shall not knowingly use a hand sign that the minor knows or reasonably should know identifies the minor with the VISTA HOME BOYS gang, or any other known criminal street gang.  EXCEPTION:  MINOR'S OLDER BROTHER"; and (3) "The minor shall not knowingly possess, wear, or display any clothing or insignia, such as a tattoo, emblem, badge, cap, hat, bandanna, logo, jewelry, or possess any gang paraphernalia including photos or graffiti that the minor knows or reasonably should know, or that the probation officer has informed the minor, is evidence of affiliation with or membership in the above named gang, or any other criminal street gang.  For purposes of these probation conditions, the words 'gang' and 'gang-related' mean a 'criminal street gang' as defined in Penal Code section 186.22, subdivision (f).  EXCEPTION:  MINOR'S OLDER BROTHER."

The court also ordered Frank M. to pay a $60 fine under to Welfare and Institutions Code section 730.5, and held Frank M. and his parents jointly and severally liable for a $50 restitution fine under Welfare and Institutions Code section 730.6.

## DISCUSSION

Frank M.'s appellate counsel has filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), summarizing the proceedings below and indicating she was unable to find any reasonably arguable issues for reversal or modification of the judgment on appeal.  Frank M.'s counsel has identified

4

the validity and constitutionality of the gang-related probation conditions as possible, but not arguable, issues under *Anders*.

We granted Frank M. permission to file a brief on his own behalf. He has not responded.

We have independently reviewed the record under *Wende* and considered the possible issues identified by Frank M.'s counsel. We have found no reasonably arguable issues for reversal or modification of the judgment. Accordingly, we affirm the judgment. Frank M.'s appellate counsel has competently represented him in this appeal.

DISPOSITION

The judgment is affirmed.

NARES, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.